Paul Pooler *vs.* William F. Reed.

Piscataquis. Opinion December 28, 1883.

*R. S., c. 51, § 41. Trial justices. Bangor police court. City marshal.*

Trial justices, and police courts having their jurisdiction, may try complaints for the offence described in R. S., c. 51 § 41, (evading payment of fare on railroads) and impose the forfeiture which is there prescribed "to be recovered on complaint." But they exceed their jurisdiction when they order a man charged with the offence to find bail, for his appearance at a future term of the Supreme Judicial Court, and to be committed for want of such bail. An officer cannot justify the execution of a mittimus which shows such excess of jurisdiction on its face.

A city marshal and chief of police being present and directing the execution of a mittimus by one of his subordinates, and making return thereof, as exe-

cuted by himself, cannot avoid the responsibility which he thereby assumes, but is liable to the party injured for his necessary loss of time, and the reasonable expenses of procuring his liberation on *habeas corpus.*

ON REPORT.

The writ was dated December 8, 1880, and was in plea of trespass, alleging that the defendant took and imprisoned the plaintiff June 19, 1880, and deprived him of his liberty and claimed damages in the sum of one thousand dollars.

The plea was the general issue.

The material facts are stated in the opinion.

*H. L. Mitchell,* for the plaintiff, cited: *Pooler* v. *Reed,* 73 Maine, 129; 2 Hilliard, Torts, 213, 425; *McMahan* v. *Green,* 34 Vt. 69; *Haynes* v. *Small,* 22 Maine, 16; *State* v. *Kenniston,* 67 Maine, 559; *Cowan* v. *Wheeler,* 31 Maine, 439; R. S., c. 51, § 41; *State* v. *Hall,* 49 Maine, 412; *Love* v. *Crosby,* 42 Maine, 327; *In re Hersom,* 39 Maine, 476; *State* v. *Hartwell,* 35 Maine, 129; *Piper* v. *Pearson,* 2 Gray, 120; *Fisher* v. *McGirr,* 1 Gray, 44; *Knowles* v. *Davis,* 2 Allen, 61; *Pratt* v. *Hill,* 16 Barb. 303; *Savacool* v. *Boughton,* 5 Wend. 172; *Wise* v. *Withers,* 3 Cranch. 337; *Gurney* v. *Tufts,* 37 Maine, 130; *Thurston* v. *Adams,* 41 Maine, 419.

*Barker, Vose and Barker,* for the defendant, contended that the admissions of the defendant, as shown by the two returns, are undoubtedly admissible, but not conclusive against him, for one reason if for no other, viz: He was not an officer *de jure,* and as between himself and the plaintiff, not an officer *de facto. Pooler* v. *Reed,* 73 Maine, 129.

Not being an officer *de jure* or *de facto,* so far as his acts to this plaintiff are concerned, his admissions are open to explanation or contradiction. The facts may be shown, as fully as if any other unauthorized citizen had signed the returns.

The allegation in the complaint charged a crime. C. 51, § 41, R. S., and was a reasonable law. *State* v. *Goold,* 53 Maine, 279. The police court had not final jurisdiction. The penalty was "not less than five nor more than twenty dollars." The power conferred upon the police court in section second of " an

act to establish a police court in Bangor," reads as follows: " Said judge shall, except where interested, exercise jurisdiction over all such matters and things, civil and criminal, within the county of Penobscot as justices of the peace may exercise under similar restrictions and limitations."

The extent of the jurisdiction of a justice of the peace to impose a fine is ten dollars. The limit, in the crime for which plaintiff was arrested, is " not less than five nor more than twenty dollars." It will not be claimed that where the limit exceeds the final jurisdiction of the court, it has not final jurisdiction at all.

Admitting all the plaintiff alleges and attempts to prove by the returns on the warrant and mittimus, and that the defendant is estopped to deny, then he was an officer armed with precepts in due form, issued by a court which had jurisdiction of the crime and the criminal, and a complete justification for every act alleged by the plaintiff to have been committed upon him by the defendant. *Sanford* v. *Nichols et al.* 13 Mass. 287; *Wilmarth* v. *Burt*, 7 Met. 257; *Gray* v. *Kimball*, 42 Maine, 299; *Robinson* v. *Barrows*, 48 Maine, 186; *Guptill* v. *Richardson*, 62 Maine, 257.

BARROWS, J. The defendant was city marshal and chief of police of the city of Bangor at the time of the acts for which this suit is brought.

In pursuance of what he says is the universal practice where a warrant is served by a policeman, he subscribed as " constable of Bangor " the returns made upon a warrant issued from the police court against the plaintiff upon a charge of evading payment of his fare upon a railroad running into the city, and upon a mittimus issued by said court for failure to comply with its order that he should recognize with sureties for his appearance before the Supreme Judicial Court to answer to said charge. The defendant, though otherwise legally entitled to constabulary powers had vacated that office by his acceptance of the office of justice of the peace after qualifying as constable and before the date of the arrest. He cannot, therefore, justify as constable any

interference with the liberty of the plaintiff. *Pooler* v. *Reed*, 73 Maine, 129.

The defendant now seeks to avoid liability upon the ground that the testimony tends to show that the arrest and commitment were both, in fact, made by one Wentworth, a policeman. We think he cannot thus evade the responsibility which he assumed when he made the returns. The remarks of WHITMAN, C. J., in *Haynes* v. *Small*, 22 Maine, 16, apply with increased force in cases where the personal liberty of the citizen has been invaded *colore officii.* See also *Cowan* v. *Wheeler*, 31 Maine, 439.

Moreover there is evidence sufficient to prove that the commitment to the jail was made in the presence and by the direction of the defendant as chief of police to his subordinate, the policeman, and though it was doubtless done under the order of the police court, it was without the formality of a written mittimus and return, which were not prepared until a day or two afterwards ; and this act was deliberately adopted by the defendant when he subscribed the return. The whole business was loosely done, and under such circumstances as to make a technical justification by the defendant impossible. Yet if the only wrong done by the defendant to the plaintiff had been the performance of an act which a duly qualified officer having the proper precept in his hands might have justified, it would be difficult to see how the plaintiff suffered more than a nominal damage by reason of the defendant's doing a duty which properly belonged to another. But the mittimus, the execution of which was the chief cause of damage to the plaintiff, shows on its face that the court had no jurisdiction to issue it, and it would not protect the defendant, had he been a legally qualified constable.

The offence with which the plaintiff was charged was first defined in chapter 107, laws of 1854, and the penalty there imposed " upon conviction thereof, before any justice of the peace in any county where such offence may have been committed," was " a fine of not less than five nor more than twenty dollars for every such offence." The statute was much condensed in the revision of 1857, but neither the penalty nor the jurisdiction has been changed by that or the subsequent revisions under which the offender "forfeits not less than five nor more than twenty

dollars to be recovered *on complaint.*" The word "complaint" is used here in contradistinction from indictment, and of itself designates the courts which are to try and dispose of such charges. Compare R. S., of 1871, c. 131, § 13, with the corresponding provisions in R. S., of 1841, c. 167, §§ 13 and 14. Neither the district nor the Supreme Judicial Court ever entertained criminal *complaints*, except when presented on appeal, or through the intervention of the grand jury, in the form of *indictments.*

The plaintiff says he was not guilty of the offence charged and he had a right to have his case determined then and there before the police court, and should not have been subjected to the additional burden of finding sureties for his future appearance in a strange place far distant from his home.

Such an order was almost sure to result, as it did, in his incarceration, from which he was, however, promptly relieved on *habeas corpus.*

Now a warrant issued by an inferior court, when it is apparent on its face that the court has no authority to act, or has exceeded its authority, will not protect the officer who executes it. *Gurney* v. *Tufts*, 37 Maine, 130, and cases there cited. *Thurston* v. *Adams*, 41 Maine, 422.

The defendant's justification fails at all points, and he must compensate the plaintiff for his loss of time and expenses in procuring his liberation.

But there is nothing to indicate that the defendant was acting vindictively or with a design to oppress, nor otherwise than as he supposed his duty required.

That two days were allowed to elapse before application was made for the plaintiff's discharge was rather the fault of the plaintiff than of the defendant.

The plaintiff should have compensation for one day's detention, and his expenses, and the lapse of time since the occurrence is to be regarded in estimating the damages.

> *Judgment for plaintiff for*
> *$37.50 damages.*

APPLETON, C. J., WALTON, DANFORTH, PETERS and LIBBEY, JJ., concurred.